CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

FEB 12 2010

JOHN F. CORCORAN, CLERK
BY:
   DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| W. CLARKSON MCDOW, JR., UNITED STATES TRUSTEE FOR REGION FOUR,<br>Appellant, | Civil Action No. 7:09cv00425<br><br>Bankruptcy Case No. 08-71684RKR |
| v. | MEMORANDUM OPINION |
| GARLAND TERRY HARVEY,<br>Appellee. | By: Samuel G. Wilson<br>United States District Judge |

This is an appeal by the United States Trustee from an order of the Bankruptcy Court of the Western District of Virginia denying the Trustee's motion to dismiss and granting petitioner Garland Harvey's motion for summary judgment. This court has jurisdiction over the appeal pursuant to 28 U.S.C. § 158. The Trustee contends that Harvey's petition is presumptively abusive under 11 U.S.C. § 707(b)(2) because, by the Trustee's calculation, Harvey's net disposable income is substantially greater than the amount allowed a Chapter 7 petition. The Trustee claims that, in calculating his net disposable income, Harvey incorrectly deducted his monthly mortgage payment even though he actually intended to surrender the property after the bankruptcy filing, thereby eliminating that monthly expense. Harvey contends, and the Bankruptcy Court held, that the deduction was proper under the plain meaning of the statute which allows for the deduction of payments that are "scheduled as contractually due" regardless of whether the payments are actually made. In re Harvey, 407 B.R. 867, 873 (Bankr. W.D. Va. 2009). The First Circuit Court of Appeals has since reached the same conclusion. See In re Rudler, 576 F.3d 37 (1st Cir. 2009) ("At the time a debtor files a bankruptcy petition and [enumerates his debts which are] 'scheduled as contractually due,' the debtor will not yet have

given up any secured property identified for surrender in his or her Statement of Intention. Thus, even if the debtor plans to surrender a house on which he is paying a mortgage, he will at that point still have 'contractually due' payments that are 'scheduled' to be paid during the upcoming months. This is so whether or not the debtor has already defaulted on the mortgage by failing to make such payments in previous months because the fact of default does not release him from the ongoing obligation."). The court finds no fault with this reasoning or with the Bankruptcy Court's decision. Accordingly, the decision of the Bankruptcy court is **AFFIRMED**.

ENTER: This 24th day of February, 2010.

_____
UNITED STATES DISTRICT JUDGE